IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

EDGAR EDUARDO CADILLO SALAZAR,

Petitioner,

vs.

WARDEN, McCook Detention Center, et al.,

Respondents.

8:26-CV-472

ORDER

The petitioner has filed a petition for a writ of habeas corpus, seeking immediate release from U.S. Immigration and Customs Enforcement custody in the McCook Detention Center in McCook, Nebraska. Filing 1. The petitioner was detained on January 3, 2026, and he alleges that his continued detention is unlawful. *See* filing 1 at 2; filing 9 at 4.

This is not his first petition, or even his second. In case no. 8:26-cv-44, on February 2, 2026, this Court conditionally granted his petition for a writ of habeas corpus, and ordered the Court to provide the petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) and the corresponding regulations on or before February 9, 2026. *Salazar v. Noem*, No. 8:26-CV-44, 2026 WL 280803, at *1 (D. Neb. Feb. 2, 2026). That bond hearing was held and bond was denied. Filing 9 at 5; filing 9-3. The petitioner did not appeal to the Board of Immigration Appeals. Filing 9 at 5. Instead, the petitioner filed a subsequent petition for habeas corpus collaterally attacking the Court's decision not to order his outright release in the first case, and the Court denied that subsequent petition. *See Salazar v. Noem*, No. 4:26-CV-3045, 2026 WL 458304 (D. Neb. Feb. 18, 2026).

On February 23, 2026, an immigration judge ordered the petitioner removed to Ecuador. Filing 9 at 5; filing 9-4. That decision, the petitioner did appeal, and his appeal remains pending. Filing 9 at 5; filing 9-5; filing 9-6.

The petitioner asserts that his continued detention, without an individualized custody hearing, violates due process. *See* filing 1 at 8. This Court has held that for some aliens who have entered into and established residence in the United States, indefinite detention without a bond hearing pursuant to 8 U.S.C. § 1225(b)(2)(A) violates due process. *Oporta v. Mullin*, No. 8:26-CV-363, 2026 WL 2224753 (D. Neb. Aug. 3, 2026).

But the petitioner, this Court has already held, is detained pursuant to § 1226(a), not § 1225. *Salazar*, 2026 WL 280803, at *1.[1] The government (while preserving its previous position) has confirmed its intent to continued complying with the Court's order. *See* filing 7 at 1-2; filing 9 at 5. Accordingly, the petitioner can request a custody redetermination hearing based on circumstances that "have changed materially since the prior bond redetermination." *See* 8 C.F.R. § 1003.19(e); *see also* 8 C.F.R. § 236.1(d)(1).

Because the petitioner failed to request a custody redetermination hearing, he failed to administratively exhaust his claim that detaining him without an individualized custody hearing is unlawful. *See Geach v. Chertoff*, 444 F.3d 940, 945 (8th Cir. 2006). To the extent the petitioner is insisting that outright release, rather than a bond hearing, is the appropriate remedy, the

[1] The Court notes that its decision in that case was premised on an interpretation of 8 U.S.C. §§ 1225 and 1226 that the Eighth Circuit subsequently rejected in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). The Court's conclusion is unchanged, however, because the petitioner was on conditional parole when he was detained, *see* filing 9 at 4, and would be entitled to a bond hearing pursuant to § 1226(a)(2)(B) regardless of *Avila*. *See Dos Santos Silva v. Warden, Lincoln Cnty. Det. Ctr.*, No. 8:26-cv-131, 2026 WL 926725 (D. Neb. Apr. 6, 2026).

petitioner's argument essentially invites the Court to reweigh the evidence available to the immigration judge, *see* filing 1 at 13, which the Court cannot do, *see* § 1226(e). The petitioner's claims to have been denied a hearing can be resolved by demanding a hearing, and then appealing an unsatisfactory ruling to the Board of Immigration Appeals. Accordingly,

IT IS ORDERED:

1. The petition for writ of habeas corpus is denied without prejudice.

2. A separate judgment will be entered.

Dated this 14th day of September, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge